UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. LAKELAND BANK, *Defendant*. | Civil Action No. 2:22-cv-5746-CCC |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF NEW JERSEY AND PENNSYLANIA FAIR HOUSING
ORGANIZATIONS FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE*__**

Benjamin Geffen
Daniel Urevick-Ackelsberg*
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1308
bgeffen@pubintlaw.org

Attorneys for Proposed Amici Curiae

*Pro hac vice application to be filed

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

I.   Introduction.................................................................................................1

II.  Identification of Proposed Amici Curiae ....................................................1

IV.  Argument....................................................................................................4

   A.   Proposed Amici Curiae have a special, unrepresented interest in this matter………………………………………………………………………..4

   B.   Proposed *Amicus Curiae*'s participation will be useful to this Court ......5

   C.   Proposed *Amicus Curiae* make a "strong" and "responsible presentation," even if they desire a specific outcome in this matter ......................7

V.   Conclusion..................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*C.P. v. New Jersey Dep't of Educ.*,
No. CV 19-12807, 2019 WL 6907490 (D.N.J. Dec. 19, 2019)................................8

*Consumer Fin. Prot. Bureau v. Trident Mortg. Co.*,
No. 2:22-cv-02936 (E.D. Pa.) ...................................................................................2

*Dwelling Place Network v. Murphy*,
No. 20-6281, 2020 WL 3056305 (D.N.J. June 9, 2020)............................................8

*Ferreras v. Am. Airlines, Inc.*,
No. 16-2427, 2017 WL 1156737 (D.N.J. Mar. 28, 2017) .........................................8

*Granillo v. FCA US LLC*,
No. 16-153, 2018 WL 4676057, (D.N.J. Sept. 28, 2018).........................................4

*Harris v. Pernsley*,
820 F.2d 592 (3d Cir. 1987)..................................................................................6, 7

*Kyocera Document Sols. Am., Inc. v. Div. of Admin.*,
708 F. Supp. 3d 531 (D.N.J. 2023) ..........................................................................5

*Liberty Res., Inc. v. Phila. Hous. Auth.*,
395 F. Supp. 2d 206 (E.D. Pa. 2005) ........................................................... 4, 5, 7, 8

*Mayberry v. Maroney*,
529 F.2d 332 (3d Cir. 1976)......................................................................................7

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*,
293 F.3d 128 (3d Cir. 2002)..................................................................................8, 9

*New Jersey Prot. & Advoc., Inc. v. Twp. of Riverside*, No. 04-5914,
2006 WL 2226332, (D.N.J. Aug. 2, 2006) ..............................................................5

*Panzer v. Verde Energy USA, Inc.*, No. CV 19-3598,
2021 WL 2186422 (E.D. Pa. May 27, 2021).............................................................7

*Price v. Corzine*, No. 06-1520,
2006 WL 2252208 (D.N.J. Aug. 7, 2006) .............................................................................3

*Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*,
576 U.S. 519 (2015) .............................................................................................................6

*United States v. Akaalbi*, 223 F. Supp. 2d 583 (D.N.J. 2002) .................................4, 7

*United States v. Bayer Corp.*,
No. 07-0001, 2014 WL 12625934 (D.N.J. Oct. 23, 2014) .........................................5

### Other Authorities

*About Us*, Housing Equality Center of Pennsylvania,
https://www.equalhousing.org/about-us/ (last visited June 1, 2025) ....................2

*In Re: Investigation Of Trident Mortgage Company LP*, N.J. Dept. of L. & Pub. Safety (July 27, 2022), https://www.nj.gov/oag/newsreleases22/Final-NJ-AVC-7.26.22.pdf ............................................................................................................2

*Who We Are*, NEW JERSEY CITIZEN ACTION EDUCATION FUND,
https://www.njcaef.org/who_we_are (last visited June 1, 2025) ............................1

## I.  Introduction

New Jersey Citizen Action Education Fund, Housing Equality Center of Pennsylvania, and the National Fair Housing Alliance collectively seek to participate in this action as *amici curiae*. They do so to assist this Court in assessing the consequences of the United States' Unopposed Motion to Terminate Consent Order and Dismiss with Prejudice, filed before this Court on Wednesday, May 28, 2025.

## II.  Identification of Proposed Amici Curiae

Proposed *Amicus Curiae* New Jersey Citizen Action Education Fund ("Citizen Action") is a non-profit organization headquartered in Newark, New Jersey. The mission of Citizen Action is to achieve social, racial, and economic justice for all. To accomplish this goal, Citizen Action provides "free comprehensive outreach and education services, including HUD-certified housing and foreclosure counseling, homeownership education for first-time homebuyers, financial education and one-on-one financial coaching, tax preparation, and healthcare enrollment assistance. *Who We Are*, NEW JERSEY CITIZEN ACTION EDUCATION FUND, https://www.njcaef.org/who_we_are (last visited June 1, 2025).

Citizen Action has a four-decade history of combatting redlining. Citizen Action is intimately familiar with the need to increase credit access for residents in the formerly redlined areas of New Jersey and the ways the instant Consent Order

1

is impacting Newark-area residents, receiving small grants to carry out some of that work. *See* Amirhamzeh Decl., attached as Ex. B

Proposed *Amicus Curiae* Housing Equality Center of Pennsylvania ("HEC") is a nonprofit organization and the nation's oldest fair housing council, predating even the enactment of the Fair Housing Act. *About Us*, HOUSING EQUALITY CENTER OF PENNSYLVANIA, https://www.equalhousing.org/about-us/ (last visited June 1, 2025). Its mission is to advance fair and equal access to housing opportunities for all Pennsylvanians. HEC is well-respected in its field and is called upon by those in and out of government to support attempts to eradicate discrimination. By way of example, it has collaborated with the Pennsylvania Attorney General's office to lead testing investigations of Trident Mortgage, helping lead to a series of consent orders with the United States, Commonwealth of Pennsylvania, and State of New Jersey. *See, e.g., Consumer Fin. Prot. Bureau v. Trident Mortg. Co.*, No. 2:22-cv-02936 (E.D. Pa.), ECF No. 14; *In Re: Investigation Of Trident Mortgage Company LP*, N.J. DEPT. OF L. & PUB. SAFETY (July 27, 2022), https://www.nj.gov/oag/newsreleases22/Final-NJ-AVC-7.26.22.pdf. Housing Equality Center's coverage of the Philadelphia metro-area encompasses New Jersey municipalities as well, and it has a special interest in ensuring that consent orders across the Delaware Valley are carried out through completion.

Proposed Amicus National Fair Housing Alliance (NFHA) is a national organization dedicated to ending discrimination and ensuring equal opportunity in housing for all people. Founded in 1988, NFHA is a consortium of over 200 private, nonprofit fair housing organizations, state and local civil rights agencies, and individuals. NFHA strives to eliminate all forms of housing and lending discrimination and ensure equal housing opportunities through its community development, education and outreach, responsible AI, member services, public policy and advocacy, consulting and compliance, and enforcement initiatives. Relying on the Fair Housing Act, Equal Credit Opportunity Act and other civil rights laws, NFHA undertakes enforcement initiatives in cities and states across the country.

### III.     Legal Standard

Squarely within the "inherent authority" of a district court is the power "to appoint *amicus curiae* to assist in their proceedings," particularly where an *amicus* brief is helpful to the Court in evaluating the matter before it. *Price v. Corzine*, No. 06-1520, 2006 WL 2252208, at *2 (D.N.J. Aug. 7, 2006) (citations omitted).

District courts deciding motions to accept an *amicus* filing may consider "when: (1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a

particular outcome in the case." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). These factors are often analyzed in concert with the Third Circuit's overlapping analysis under Federal Rule of Appellate Procedure 29, including whether a movant has (a) an adequate interest in the litigation, (b) whether such participation is desirable, and (c) whether it is relevant. *See, e.g.*, *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002).

**IV.   Argument**

Proposed *Amici Curiae* have a special, unrepresented interest in this matter. Moreover, the information provided by their Proposed Brief is relevant and useful to the Court as it considers the United States' Motion.

### A. Proposed Amici Curiae have a special, unrepresented interest in this matter

A party seeking *amicus* status must demonstrate that it has a special interest in the case, and that such interest is unrepresented in the matter. *See, e.g.*, *Granillo v. FCA US LLC*, No. 16-153, 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018).

Proposed *Amici Curiae* meet this standard. They have a decades-long history of working to ensure that housing and lending markets of New Jersey, Pennsylvania, and the nation are free from discrimination. They have a special interest in the outcome of consent orders that hold lenders accountable for alleged redlining practices. Moreover, Citizen Action has a special interest in ensuring that the specific remedial work required by this Consent Order—work that Citizen

4

Action has witnessed and is itself helping to carry out—continues for an additional two years. Proposed Brief of *Amici Curiae* at 6-7, 15-16 ("Proposed Br."), attached as Ex. A. In other words, Proposed *Amici Curiae* have the precise "record of robust advocacy" that meets this standard. *Kyocera Document Sols. Am., Inc. v. Div. of Admin.*, 708 F. Supp. 3d 531, 542 n. 16 (D.N.J. 2023); *United States v. Bayer Corp.*, No. 07-0001, 2014 WL 12625934, at *1 (D.N.J. Oct. 23, 2014) (granting *amicus* status to associations that "have a strong interest in the outcome of th[e] case, particularly as it relates to the federal regulatory and statutory scheme" at issue); *Liberty Res.*, 395 F. Supp. 2d at 209–210 (E.D. Pa. 2005) (granting *amici* status for advocacy organization to assist court in understanding rights of third parties). Moreover, that interest is now unrepresented before this Court.

### B. Proposed *Amicus Curiae*'s participation will be useful to this Court

"The purpose of *amicus* appearances is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *New Jersey Prot. & Advoc., Inc. v. Twp. of Riverside*, No. 04-5914, 2006 WL 2226332, at *5 (D.N.J. Aug. 2, 2006) (internal quotation omitted). Accordingly, *amicus* participation is "especially proper where the amicus will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision or where an issue of general public interest is at stake." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (internal quotation omitted). This consideration is

particularly relevant when a court is faced with a decision regarding a consent decree, "where third parties can contribute to the court's understanding of the consequences of" a proposed course of action of the parties. *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987) (affirming district court's decision to hear from third party on the terms of a consent decree as "entirely appropriate").

Given the unusual circumstance, with this Court hearing from no opposition to the instant motion, participation by Proposed *Amici Curiae* will especially assist this Court with a matter of significant public importance. The Consent Order at issue uses the power of foundational civil rights statutes to remediate the scourge of discrimination and to ensure that all Americans can access housing opportunities in any neighborhood they choose. Such efforts have long been understood to be in the public interest. *Cf. Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 546–47 (2015) ("The [Fair Housing Act] must play an important part in avoiding the Kerner Commission's grim prophecy that our Nation is moving toward two societies, one black, one white—separate and unequal. . . . The Court acknowledges the Fair Housing Act's continuing role in moving the Nation toward a more integrated society."); *see also* Consent Order at 2, ECF No. 4 (finding that the Consent Order's entry was "in the public interest").

Within that broader context, participation of Proposed *Amici Curiae* will ensure this Court has a "complete and plenary presentation of difficult issues so

that the court may reach a proper decision." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (citation omitted). For example, the proposed brief will assist this Court in doing what the United States has not: analyzing the standards for relief under Rule 60. *See* Proposed Br. at 11-17.

Most critically, as explained more fully in their Proposed Brief, Rule 60 requires this Court to consider whether terminating this duly entered consent decree and whether to modify its order is "in the interest of justice." *Mayberry v. Maroney*, 529 F.2d 332, 335 (3d Cir. 1976) (emphasis added); *see also* Proposed Brief at 14. And here Proposed *Amici Curiae* are especially helpful, by explaining how the Consent Order is currently remediating historic discrimination for Newark-area residents, with factual developments as recently as this week, all in order to "contribute to the court's understanding of the consequences of" the possible termination of the Consent Order. *See Harris*, 820 F.2d at 603.

### C. Proposed *Amicus Curiae* make a "strong" and "responsible" presentation," even if they desire a specific outcome in this matter

Courts also consider whether a proposed *amicus* is overly partial, often understood to mean whether a party has a pecuniary interest or legally protected interest in the matter. *See Panzer v. Verde Energy USA, Inc.*, No. CV 19-3598, 2021 WL 2186422, at *3–4 (E.D. Pa. May 27, 2021); *United States v. Akaalbi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). But as the above factors indicate, even if an *amicus* has a "side to which it [is] partial, there is no rule . . . that amici must be

totally disinterested." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (internal quotation omitted). "[Q]uite the opposite in fact. In order to properly serve as a friend of the court, **an amicus must have an 'interest' in the case."** *C.P. v. New Jersey Dep't of Educ.*, No. CV 19-12807, 2019 WL 6907490, at *2 (D.N.J. Dec. 19, 2019) (internal quotation omitted) (emphasis added).

It is therefore of little surprise that "parties with pecuniary, as well as policy, interests" in the outcome of cases regularly appear as *amici* before courts across the nation. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). "[S]trong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Id.* at 131; *accord Ferreras v. Am. Airlines, Inc.*, No. 16-2427, 2017 WL 1156737, at *3 (D.N.J. Mar. 28, 2017) ("Even though each Union by its very nature is an advocate, the Unions are not barred from seeking to make a responsible presentation in support of American's Motion here.") (internal quotations omitted). Accordingly, receiving donations from a party or taking an outcome specific position in litigation "does not necessarily weigh against granting amicus status," particularly when an *amicus* "takes this stance in furtherance of general public" policy goals. *Dwelling Place Network v. Murphy*, No. 20-6281, 2020 WL 3056305, at *3 (D.N.J. June 9, 2020).

Proposed *Amicus Curiae* meet this final requirement. While they desire a specific outcome in this case, and while Citizen Action has received small grants through the Consent Order, *see* Amirhamzeh Decl. at ¶ 7, attached as Ex. B. Proposed *Amici* also have a decades-long record of fighting discrimination, and will present this Court with detailed knowledge about the consequences of the United States' motion to terminate the Consent Order. In other words, as then-Judge Alito forecasted, even with small "pecuniary, as well as policy, interests," Proposed *Amici Curiae* will make a "strong but responsible presentation" to "truly serve as the court's friend." *Neonatology Assocs.*, 293 F.3d at 131.

V. **Conclusion**

Proposed *Amici Curiae* respectfully request that this Court grant their motion, grant them *amici* status, docket their Proposed Brief, and, if appropriate, hold argument on the United States' Motion.

Dated: June 1, 2025

Respectfully submitted,

By: /s/ Benjamin Geffen
Benjamin Geffen
Daniel Urevick-Ackelsberg*
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
*Attorneys for Amici Curiae*

**Pro hac vice* application to be filed

9