Benjamin Geffen
Daniel Urevick-Ackelsberg*
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
*Attorneys for Proposed Amici Curiae*
*\*Pro hac vice* application pending

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. LAKELAND BANK, *Defendant*. | Civil Action No. 2:22-cv-5746-CCC |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

New Jersey Citizen Action Education Fund, Housing Equality Center of Pennsylvania, and National Fair Housing Alliance respectfully notify the Court of "pertinent and significant authorities" issued after the filing of their motion for leave to participate as *amici curiae* in this matter.[1]

---

[1] *See Patlan v. BMW of N. Am., LLC*, No. 18-CV-09546, 2024 WL 1328012, at *4 (D.N.J. Mar. 28, 2024) (Cecchi, J.) (quoting *Atkins v. Capri Training Ctr., Inc.*, No. 2:13-CV-06820 SDW, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014)) ("Generally, if pertinent and significant authorities come to a party's attention after

1

First, on June 5, 2025, the United States Supreme Court confirmed that its "recent cases have consistently reaffirmed that Rule 60(b)(6) should only be applied in extraordinary circumstances." *BLOM Bank SAL v. Honickman*, No. 23-1259, 2025 WL 1583305, at *5 (U.S. June 5, 2025) (cleaned up). The Court reiterated that "this very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Id.* (cleaned up).

Second, on June 12, 2025, the United States District Court for the Northern District of Illinois considered a joint motion to vacate a judgment and five year-long stipulated order between the United States and a financial institution, entered after allegations by the United States that the financial institution violated the Fair Housing Act and Equal Credit Opportunity Act. *Bureau of Consumer Fin. Prot. v. Townstone Fin.*, No. 20-cv-4176, slip op. at 1-2 (N.D. Ill. June 12, 2025). *Amici Curiae*, including the National Fair Housing Alliance, filed a motion for leave to participate in the matter to oppose the joint motion of the parties. *Id.* at 5.

After considering the arguments of the parties and *amici*, the Court denied the motion to vacate the judgment and order. First, the Court rejected the parties'

---

the party's brief has been filed, the party may advise the court of the relevant authority through a Notice of Supplemental Authority; however, a Notice of Supplemental Authority should not advance new arguments that were absent from the movant's complaint.").

argument that the joint nature of the motion meant that it should be evaluated under a "relaxed standard," because, among other things, "Defendants' alleged wrongdoing affected the public. This was not a private matter between private parties. CFPB's complaint alleged that Defendants discouraged prospective African-American applicants in the Chicago metropolitan area from applying for mortgage loans." *Id.* at 8-9.

After applying the appropriate standard, the Court denied the "unprecedented" motion:

> At bottom, to grant the Motion based on the arguments advanced by the Parties would be to undermine the finality of judgments. This, the Court declines to do. Indeed, the importance of preserving finality was illustrated by the Supreme Court just a few days ago, when it reaffirmed that it is "essential" to apply a strict standard to Rule 60(b) motions to preserve the finality of judgments. *BLOM Bank SAL*, 2025 WL 1583305, at *5.
>
> Moreover, the Court agrees with Amici that granting the Motion would erode public confidence in the finality of judgments. It would set a precedent suggesting that a new administration could seek to vacate or otherwise nullify the voluntary resolution of a case between a prior administration (or the same administration, but under different agency leadership) and a private party merely because its leadership thought the original litigation unwise or improperly motivated. That is a Pandora's box the Court refuses to open.

*Id.* at 12, 14.

Proposed *Amici* attach a copy of the decision in *Townstone* for this Court's review, as Exhibit A.

Dated: June 13, 2025                    Respectfully submitted,

                                                By: /s/ Benjamin Geffen
Benjamin Geffen
Daniel Urevick-Ackelsberg*
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1308
bgeffen@pubintlaw.org

Eli Segal
John S. Stapleton
STAPLETON SEGAL COCHRAN LLC
1760 Market Street, Suite 403
Philadelphia, PA 19103
(215) 561-1500
esegal@stapletonsegal.com

*Attorneys for Proposed Amici Curiae*

*Pro hac vice* application pending

## CERTIFICATE OF SERVICE

I, Benjamin Geffen, hereby certify that on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system by the Court and all parties.

Dated: June 13, 2025

By: /s/ Benjamin Geffen
Benjamin Geffen