Jehan A. Patterson
D. Jean Veta (*pro hac vice forthcoming*)
Nikhil V. Gore (*pro hac vice forthcoming*)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
jpatterson@cov.com

*Attorneys for Defendant*
*Lakeland Bank*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAKELAND BANK,<br><br>Defendant. | Civil Action No. 2:22-cv-5746-CCC-SDA |

### ORDER GRANTING *PRO HAC VICE* ADMISSION OF NIKHIL V. GORE, ESQ.

This matter having come before the Court on defendant Lakeland Bank's ("Lakeland")[1] motion for an Order admitting Nikhil V. Gore, Esq. *pro hac vice* as co-counsel for Lakeland in the above-referenced matter, and the Court having considered the papers submitted, and for good cause shown;

IT IS on this **20th** day of **June**, 2025;

**ORDERED** that Lakeland's Motion for Pro Hac Vice Admission of Nikhil V. Gore, Esq. is GRANTED; and it is further

---

[1] Lakeland Bank was acquired by Provident Bank on May 16, 2024.

**ORDERED**, as follows:

1. Nikhil V. Gore, Esq. is admitted *pro hac vice* to appear in this matter on behalf of Lakeland;

2. Mr. Gore will comply with Local Civ. R. 101.1;

3. Mr. Gore is hereby required to abide by the Rules of this Court and the Federal Rules of Civil Procedure including all disciplinary rules;

4. Mr. Gore consents to the appointment of the Clerk of this Court as agent upon whom service of process may be made for all actions against the attorney or the attorney's firm that may arise out of the attorney's standing at the bar of any other Court;

5. Mr. Gore will pay a fee of $250.00 to the Clerk of this Court upon his admission *pro hac vice*;

6. Mr. Gore is hereby required to notify the Court immediately of any matter affecting his standing at the bar of any other Court;

7. Mr. Gore shall have all pleadings, briefs and other papers filed with the Court signed by an attorney of record authorized to practice in this State;

8. Mr. Gore shall comply with the obligations of any attorney admitted to practice in this Court and shall send a copy of the Order granting admission with the required annual fees to the New Jersey Lawyer's Fund for Client Protection as provided by New Jersey Court Rule 1:28-2(a); and

9. Mr. Gore shall not accept a fee in a tort action in an amount greater than that permitted by New Jersey Court Rule 1:21-7 governing contingent fees.

_____
HON. STACEY D. ADAMS, U.S.M.J.