UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>LAKELAND BANK,<br><br>　　　　　*Defendant.* | Civil Action No. 2:22-cv-5746-CCC |

# UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE AND MEMORANDUM IN SUPPORT

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division
MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division
CARRIE PAGNUCCO
Chief
JENNIFER A. SLAGLE PECK
Deputy Chief
MARTA CAMPOS (DC Bar No. 440680)
Trial Attorney
Housing & Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Phone: (202) 598-0459
Fax: (202) 514-1116
marta.campos@usdoj.gov
*Attorneys for the United States of America*

## Table of Contents

I.   BACKGROUND .................................................................................................. 1

II.  LEGAL STANDARD......................................................................................... 2

III. MOVANTS SHOULD NOT BE PERMITTED TO PARTICIPATE AS
     AMICI CURIAE ................................................................................................. 3

    A. Movants do not have a special interest in this case ..................... 3

    B. The United States competently represents Movants'
     interests ............................................................................................... 4

    C. Movants lack any new or useful information................................. 6

IV. CONCLUSION .................................................................................................. 8

# Table of Authorities

Page

**Cases**

*American College of Obstetricians and Gynecologists, Pennsylvania Section v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983) .................................................................. 5

*BLOM Bank SAL v. Honickman*, 221 L. Ed. 2d 850 (2025) ..................................... 2, 7

B*ureau of Consumer Financial Protection v. Townstone Financial, Inc.*, No. 20-cv-4176 (N.D. Il. Jun. 12, 2025) ................................................................. 2, 6

*Inmates of Suffolk County Jail v. Rouse*, 129 F.3d 649 (1st Cir. 1997) ....................... 7

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65 (D.N.J. 1993) ....... 6

*Liberty Resources, Inc. v. Phila. Hous. Auth.*, 395 F. Supp.2d 206 (E.D. Pa. 2005) ............................................................................................................. 3-4

*Panzer v. Verde Energy USA, Inc.*, 2021 U.S. Dist. LEXIS 100996 (E.D. Pa. May 24, 2021) ............................................................................................ 4, 6

*Sciotto ex rel. Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553 (E.D. Pa. 1999) ............................................................................................................ 3, 6

*United States v. Alkaabi*, 223 F. Supp. 2d 583 (D.N.J. 2002) ....................................... 3

W*aste Mgmt. of PA, Inc. v. City of York*, 162 F.R.D. 34 (M.D. Pa. 1995) ..................... 3

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985) .......................................................... 3

**Statutes**

Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f .............................. 1

Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3619 ...................................................... 1

**Rules**

Fed. R. Civ. P. 60 ........................................................................................................... 7

Fed. R. Civ. P. 60(b)(6) ................................................................................................. 7

Plaintiff United States of America (United States) opposes the motion of New Jersey Citizen Action Education Fund (Citizen Action), Housing Equality Center of Pennsylvania, and National Fair Housing Alliance (jointly, Movants) seeking leave to participate as *amici curiae* to Oppose Motion to Terminate Consent Order and Dismiss with Prejudice (the *Amici Curiae* Motion). Doc. 10.

The *Amici Curiae* Motion should be denied because (1) Movants lack any particularized special interest in this action, (2) the United States competently represents Movants' general interests in "fair and equal access to housing," Doc. 10-2 at 3, and (3) Movants lack any new or useful information that could be of assistance to the Court.

## I. BACKGROUND

On September 28, 2022, the United States filed its Complaint against Lakeland Bank (Lakeland) alleging that Lakeland violated the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3619, and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f, by engaging in unlawful redlining in majority-Black and Hispanic neighborhoods in the Newark, NJ-PA Metro Division.[1]  Doc. 1. On the same date, the parties lodged a proposed Consent Order with the Court. Doc. 2. On September 29, 2022, the Court entered a Consent Order. Doc. 4.

On May 28, 2025, the United States filed an Unopposed Motion to Terminate Consent Order and Dismiss with Prejudice (the Unopposed Motion to Terminate).

---

[1] On May 16, 2024, Provident Bank acquired Lakeland Bank and is the successor entity that assumed the responsibility for the requirements of the Consent Order. *See* Doc. 4, ¶¶ 57, 60.

1

Doc. 9.  In so moving, the United States cited to the terms of the Consent Order giving the parties the ability to move the court to modify the Consent Order, and sought a modification based on the fact that Lakeland has reached substantial compliance with the monetary and injunctive terms of the Consent Order and has made a commitment to spend the remaining portion of the loan subsidy fund.  *Id*.  The Unopposed Motion to Terminate does not seek to vacate the Court's judgment, but to amend the term of the Consent Order in light of Lakeland's substantial compliance and demonstrated commitment to remediate the harm alleged in the United States' Complaint.

On June 1, 2025, Movants filed the *Amici Curiae* Motion and supporting memorandum seeking to participate as *amici curiae* "to assist this Court in assessing the consequences" of the Unopposed Motion to Terminate.  Docs. 10, 10-2.  On June 13, 2025, Movants filed a Notice of Supplemental Authority, citing a recently issued Supreme Court opinion, *BLOM Bank SAL v. Honickman*, 221 L. Ed. 2d 850 (2025), and an order issued by a U.S. District Court Judge in the Northern District of Illinois in *Bureau of Consumer Financial Protection v. Townstone Financial, Inc.,* No. 20-cv-4176 (N.D. Il. Jun. 12, 2025).  Doc. 18.

## II.   LEGAL STANDARD

Notably, neither the Federal Rules of Civil Procedure nor this Court's Local Rules of Civil Procedure contemplate the filing of *amicus* briefs before the District Court.  Indeed, courts have noted that "[a]t the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at

the appellate level, where such participation has become standard procedure." *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 n.16 (D.N.J. 2002) (citing *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)). "The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Waste Mgmt. of PA, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995).

In general, a district court may grant *amicus curiae* status where: (1) the petitioner has a special interest in the case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case. *See Liberty Resources, Inc. v. Phila. Hous. Auth.*, 395 F. Supp.2d 206, 209 (E.D. Pa. 2005). These factors do not weigh in favor of allowing Movants to participate as *amici curiae* in this case.

### III. MOVANTS SHOULD NOT BE PERMITTED TO PARTICIPATE AS AMICI CURIAE

#### A. Movants do not have a special interest in this case

Movants have not shown that they have a particularized special interest in the parties' negotiation of the term of the Consent Order in this case. At most, they argue that as organizations they have general interests in "working to ensure that housing and lending markets … are free from discrimination," Doc. 10-2 at 4, which is insufficient to justify *amicus* participation. *See Sciotto ex rel. Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999) (holding that an *amicus* must demonstrate a particularized special interest in the case justifying its

3

participation); *Panzer v. Verde Energy USA, Inc.*, 2021 U.S. Dist. LEXIS 100996 at *4 (E.D. Pa. May 24, 2021) (rejecting *amicus* participation of public interest law firm where it alleged that it had a "special interest" in corporate misconduct and access to the courts).

Movants' interests are distinguishable from the particularized special interest of the advocacy group that was permitted to participate as *amicus curiae* in *Liberty Resources, Inc. v. Phila. Hous. Auth.*, 395 F. Supp.2d 206 (E.D. Pa. 2005). There the court found that an advocacy group that represented Philadelphia Public Housing Authority (PHA) residents had a special interest in litigation challenging the PHA's administration of its Section 8 Program, where the advocacy group sought "to protect the constitutionally guaranteed privacy rights of the residents whose confidential records are specifically sought herein, and . . . whose privacy rights might be similarly affected throughout the course of this litigation." *Id*. at 208. By contrast, in this case, the only Movant that can allege a particularized interest is Citizens Action, and its nexus to the facts is tangential as it has been receiving funds from Lakeland to carry out its mission under the Consent Order.

**B. The United States competently represents Movants' interests**

Movants' assertion that their interests are unrepresented in this matter is false. The record demonstrates that Movants' general interests in "fair and equal access to housing" are, and have been, competently represented by the United States. The United States has demonstrated its commitment to the interests at stake in this litigation by initiating this enforcement action and securing

4

meaningful relief, including $12 million in loan subsidies for borrowers in the affected communities.  In cases where a court determines that the parties are already adequately represented, leave to participate as an *amicus* is generally denied.  *See, e.g., American College of Obstetricians and Gynecologists, Pa. Sec. v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983).  Here, the record demonstrates that the United States has competently represented Movants' asserted "fair and equal access to housing" interests.  The United States has done so by initiating this enforcement action and securing meaningful relief, including over $12 million in loan subsidies for borrowers in the affected communities.

The United States submits that the public's interest in ensuring fair and equal access to housing and credit is served, not by imposing unreasonable or unnecessary burdens on financial institutions, but by ensuring that financial institutions succeed in serving all communities within their market areas on equal terms.  Here, Lakeland has taken action to remedy its past redlining practices.  Lakeland conducted a comprehensive assessment of the credit needs of the affected communities, taken steps to address those credit needs, established both of the bank branches it was required to open under the Consent Order, enhanced relevant training of its staff, hired and deployed loan officers to solicit applications in the affected communities, and enhanced its compliance management systems to ensure ongoing compliance with the FHA and ECOA.  These steps have allowed Lakeland to effectively spend down over half the loan subsidy fund in two and a half years, and Lakeland has committed to spending down the balance of the fund consistent

5

with the settlement. Given that Lakeland has taken steps to create sustainable compliance and has demonstrated a commitment to remediation, the United States believes it is appropriate to request early termination of the Consent Order and dismissal of this action.

### C. Movants lack any new or useful information

Finally, Movants' participation is unnecessary as their proposed brief and notice of supplemental authority do not add any new or useful information that would assist the Court. Movants' proposed brief largely recites the allegations in the United States' Complaint and the relief agreed to in the Consent Order and thus offers no new or useful information that would warrant *amicus* participation here. Doc. 10-2.

District courts in the Third Circuit have routinely denied *amicus* participation where the proffered arguments merely repeat those that the parties have already presented. *See Sciotto*, 70 F. Supp. 2d at 555; *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 83 (D.N.J. 1993); *Panzer*, 2021 U.S. Dist. LEXIS 100996 at *5. In this case, Movants' proposed brief adds no new or useful information and there is no need to reiterate what is already a part of the record.

Movants' legal arguments are similarly unhelpful to the Court. In their Notice of Supplemental Authority, Movants cite to a recently issued opinion by a district court in the Northern District of Illinois, *Bureau of Consumer Financial Protection v. Townstone Financial, Inc.,* No. 20-cv-4176 (N.D. Ill. Jun. 12, 2025),

denying the parties' joint motion for relief and vacatur of the stipulated final judgment and order. Doc. 18. *Townstone* is distinguishable from this case because there the parties sought to vacate a stipulated final judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 14. In this case, the United States is not seeking to vacate the consent order, but to terminate it early due to the defendant's substantial compliance. *See Inmates of Suffolk County Jail v. Rouse*, 129 F.3d 649, 662 (1st Cir. 1997) (explaining the difference between terminating and vacating a consent order). As such, the Unopposed Motion to Terminate does not implicate the same concerns regarding public interest in the finality of judgments that were raised by the court in *Townstone*.[2]

Nor are Movants' legal arguments regarding Federal Rule of Civil Procedure 60 persuasive. Paragraph 54 of the Consent Order expressly permits modifications "upon approval of the Court, by motion by any party." Doc. 4 at ¶54. Thus, the plain language of the Consent Order indicates that the parties and the Court intended to preserve flexibility as to the Consent Order's precise terms and duration.

It is not in the interest of justice to force the parties to remain under a consent order when the parties to the voluntarily negotiated consent order have since agreed that the defendant has demonstrated substantial compliance,

---

[2] The other case cited in Movant's Notice of Supplemental Authority, *BLOM Bank SAL v. Honickman*, 221 L. Ed. 2d 850 (2025), is similarly distinguishable as it involved a motion to vacate a final judgment of dismissal.

defendant is committed to ongoing remediation, and further engagement by the Court is not necessary.

## IV.  CONCLUSION

For the foregoing reasons, the United States respectfully submits that the *Amici Curiae* Motion should be denied.

Respectfully submitted this 23rd day of June, 2025.

        HARMEET K. DHILLON
        Assistant Attorney General
        Civil Rights Division

        MICHAEL E. GATES
        Deputy Assistant Attorney General
        Civil Rights Division

        CARRIE PAGNUCCO
        Chief

        JENNIFER A. SLAGLE PECK
        Deputy Chief

        */s/ Marta Campos*
        MARTA CAMPOS (DC Bar No. 440680)
        Trial Attorney
        Housing & Civil Enforcement Section
        Civil Rights Division
        U.S. Department of Justice
        150 M Street, NE
        Washington, DC 20530
        Phone: (202) 598-0459
        Fax: (202) 514-1116
        marta.campos@usdoj.gov

        *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, I electronically filed the foregoing via CM/ECF, causing a copy to be sent to all counsel of record.

*/s/ Marta Campos*
Counsel for United States
